# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:05-CR-57-TLS |
| | ) | |
| JAMES L. LeSHORE | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion Pursuant to Fed.R.App.Proc. 22(b)(1) & (2) [ECF No. 140] filed by the Defendant, James L. LeShore, on March 4, 2013. In his Motion, the Defendant asks the Court to issue a certificate of appealability concerning its denial of his Motion Pursuant to Fed.R.Civ.P. 60(b)(1) OR (6) [ECF No. 136]. The Court denied the Defendant's Rule 60(b) Motion in an Opinion and Order dated January 29, 2013 [ECF No. 139]. The Government has not entered a response to the Defendant's request for a certificate of appealability.

The Court's denial of the Defendant's Rule 60(b) Motion was "the final order in a proceeding under section 2255," 28 U.S.C. § 2253(c)(1)(B), therefore, absent a certificate of appealability, "an appeal may not be taken to the court of appeals," *id.* § 2253(c)(1). *See Rutledge v. United States*, 230 F.3d 1041, 1052–53 (7th Cir. 2000) (denying a certificate of appealability for a § 2255 claim raised in a Rule 60(b) motion); *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007) (finding that a certificate of appealability is a prerequisite to appeal of the denial of a Rule 60(b) motion in the context of § 2255).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable

jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983); *Rutledge*, 230 F.3d at 1047. Where the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue "when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. However, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.*

The Defendant insists that reasonable jurists could debate whether the Court was correct to deny his Rule 60(b) Motion. He argues that because the Clerk erred by failing to send notice of the denial of his § 2255 petitions, a reasonable jurist could decide to grant the relief he requested under Rule 60(b). For the reasons articulated in the Court's Opinion and Order denying the Rule 60(b) Motion, the Court disagrees. As stated in that Opinion and Order, Federal Rule of Appellate Procedure 4(a)(6) provides a limited opportunity for a district court to reopen the time for filing an appeal. That opportunity extends no later than 180 days from the entry of the order to be appealed. Here, it is undisputed that the Defendant requested Rule 60(b) relief more than 180 days after entry of the denial of his § 2255 petitions. The Seventh Circuit has stated that "[l]ack of notice does not fit any of the categories in [Rule 60(b)]." *Firmansjah v. Ashcroft*, 347

F.3d 625, 626–27 (7th Cir. 2003). Other circuits have held that "Rule 4(a)(6) provides the exclusive method for extending a party's time to appeal for failure to receive actual notice that a judgment or order has been entered," *Vencor Hospitals, Inc. v. Standard Life & Acc. Ins.*, 279 F.3d 1306, 1311 (11th Cir. 2002), and the Court believes the Seventh Circuit would agree. The Court denied the Defendant's Rule 60(b) Motion because of "a plain procedural bar," *Slack*, 529 U.S. at 484, and a reasonable jurist could therefore not conclude that the Court erred or that the Defendant should be encouraged to proceed. Accordingly, no appeal is warranted. *Id.*

The Defendant may still appeal, but in order to do so the Defendant must first obtain a certificate of appealability from the United States Court of Appeals for the Seventh Circuit.

## CONCLUSION

For the reasons discussed above, the Court DENIES the Defendant's Motion Pursuant to Fed.R.App.Proc. 22(b)(1) & (2) [ECF No. 140]. Pursuant to 28 U.S.C. § 2253(c), the Court DECLINES to issue the Defendant a certificate of appealability concerning the denial of his Motion Pursuant to Fed.R.Civ.P. 60(b)(1) OR (6) [ECF No. 136].

SO ORDERED on March 19, 2013.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT