# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:05-CR-57-TLS |
| | ) | |
| JAMES L. LeSHORE | ) | |

## OPINION AND ORDER

In an Opinion and Order dated August 26, 2011, this Court denied the Motion Under 28 U.S.C. § 2255 filed by the Defendant, James L. LeShore. The Clerk entered judgment against the Defendant in this matter on August 29, 2011. Then on June 4, 2012, the Defendant filed a Motion Pursuant to Fed.R.Civ.P. 60(b)(1) OR (6), asking the Court to vacate its August 26 Opinion and Order to allow him to appeal outside the time for filing an appeal. The Court denied that Motion in an Opinion and Order dated January 29, 2013. The Court denied the Defendant a certificate of appealability concerning denial of his Rule 60(b) Motion in an Opinion and Order dated March 19, 2013.

The Defendant filed a Motion for Permission to Appeal in Forma Pauperis [ECF No. 147] in the United States Court of Appeals for the Seventh Circuit, but the Seventh Circuit transferred the Motion to this Court by an Order dated May 7, 2013. (USCA Order, ECF No. 146.)

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." To find that an appeal is taken in good faith, a court must determine "that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)). The Court cannot make such a finding in this case for the

reasons stated in its January 29 Opinion and Order denying the Defendant's Rule 60(b) Motion and its March 19 Opinion and Order denying the Defendant a certificate of appealability. As this Court has previously articulated, Federal Rule of Appellate Procedure 4(a)(6) provides a limited opportunity for a district court to reopen the time for filing an appeal. That opportunity extends no later than 180 days from the entry of the order to be appealed. Here, it is undisputed that the Defendant requested Rule 60(b) relief more than 180 days after entry of the denial of his § 2255 petitions. The Seventh Circuit has stated that "[l]ack of notice does not fit any of the categories in [Rule 60(b)]." *Firmansjah v. Ashcroft*, 347 F.3d 625, 626–27 (7th Cir. 2003). Other circuits have held that "Rule 4(a)(6) provides the exclusive method for extending a party's time to appeal for failure to receive actual notice that a judgment or order has been entered," *Vencor Hospitals, Inc. v. Standard Life & Acc. Ins.*, 279 F.3d 1306, 1311 (11th Cir. 2002), and the Court believes the Seventh Circuit would agree. For all the reasons previously articulated in this Court's January 29 and March 19 Opinions and Orders, the Court finds that no reasonable person could suppose that an appeal of the denial of the Defendant's Rule 60(b) Motion has any merit. *Walker*, 216 F.3d at 632. The Court therefore cannot find that it is taken in good faith, and must deny the Defendant's request to appeal in forma pauperis.

Accordingly, the Court CERTIFIES that the Defendant's appeal is not taken in good faith and DENIES the Defendant's Motion for Permission to Appeal in Forma Pauperis [ECF No. 147]. The Defendant may still proceed with this appeal, but to do so he must pay the full amount of the filing and docketing fees or file a petition to proceed in forma pauperis with the United States Court of Appeals for the Seventh Circuit.

SO ORDERED on June 6, 2013.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT